UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

JOHN THOMAS MONTGOMERY, III,

      Movant

v.                                     CIVIL ACTION NO. 2:04-1139
                                        (Criminal No. 2:02-0043-01)

UNITED STATES OF AMERICA,

      Respondent

### MEMORANDUM OPINION AND ORDER

Pending before the court is the motion of John Thomas Montgomery, III, pursuant to 28 U.S.C. § 2255, filed October 21, 2004, as amended by movant's Motion to Amend § 2255 Motion filed January 24, 2005, which motion to amend was granted by order entered September 19, 2005. United States Magistrate Judge Mary E. Stanley filed her Proposed Findings and Recommendation on September 27, 2005, and movant filed objections thereto on October 11, 2005.

Movant is serving a sentence of 165 months pursuant to his plea of guilty to distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1). (Judgment in a Criminal Case, August 6, 2002.) The sentence was decreased from 325 months to 165

months upon the motion of the United States pursuant to Rule 35 of the Federal Rules of Criminal Procedure. (Amended Judgment, October 1, 2003.) Movant's conviction and sentence were affirmed on direct appeal. United States v. Montgomery, No. 02-4661, 69 Fed. Appx. 132 (4th Cir. June 20, 2003), cert. denied, 124 S.Ct. 2862 (June 14, 2004).

The movant has lodged three objections to the findings and recommendation of the magistrate judge. First, he asserts that the magistrate judge failed to address all of his claims respecting ineffective assistance of counsel. (Obj. at 6.) Quite to the contrary, the magistrate judge fully addressed and for good reason recommended rejection of each of the movant's discernible claims falling in that category. (PFR at 9-20.)

Second, though movant states that he objects to the magistrate judge's findings in their entirety (Obj. at 7-8.), his supporting argument shows that he bases this objection on the United States Supreme Court decisions in both Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 125 S.Ct. 738 (2005). Our court of appeals, however, has now foreclosed a Blakely/Booker argument here. Neither of these decisions is available for post-conviction relief sought by federal prisoners whose convictions, like movant's, became final

before the decisions in those two cases. <u>United States v. Morris</u>, 429 F.3d 65, 72 (4th Cir. 2005).

Movant's third objection is quoted as follows in its entirety: "Though I fail to re-argue the other aspects of the magistrates finding, does not mean that I waive these arguments." (Obj. at 9.) Rule 72(b) of the Federal Rules of Civil Procedure requires that objections be "specific." The United States Court of Appeals has, in <u>dicta</u>, expounded upon the rule's requirement:

> . . . Although not specifically addressed by our circuit in a published opinion, other circuits have held that the failure to raise an objection "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute" waives any appellate review. <u>United States v. 2121 E. 30th Street</u>, 73 F.3d 1057, 1060 (10th Cir. 1996). In particular, a general objection of the kind advanced by petitioner is insufficient to avoid waiver. <u>See</u> <u>id</u>.; <u>Howard v. Secretary of Health & Human Services</u>, 932 F.2d 1015, 1019 (7th Cir. 1998)("Just as a complaint stating only "I complain' states no claim, an objection stating only 'I object' preserves no issue for review."); <u>Goney v. Clark</u>, 749 F.2d 5, 6-7 (3rd Cir. 1984). Although, for the reasons that appear, petitioner's arguments are unavailing, petitioner's failure to object to the magistrate judge's recommendation with the specificity required by the Rule is, standing alone, a sufficient basis upon which to affirm the judgment of the district court as to this claim.

<u>Page v. Lee</u>, 337 F.3d 411, 417 n. 3 (4th Cir. 2003). Movant's third objection is too general in nature to focus the court's

- 3

attention on any particular dispute, and it therefore need not be addressed.

Having reviewed the objections and noting that the magistrate judge has fully and adequately addressed all of movant's arguments, the court finds movant's objections to be without merit. The proposed findings and recommendation of the magistrate judge, filed September 27, 2005, are hereby adopted and incorporated herein.

It is, accordingly, ORDERED that the movant's motion, as amended, pursuant to 28 U.S.C. § 2255 be, and it hereby is, denied. The court further ORDERS that this action be, and it hereby is, dismissed and stricken from the docket.

The Clerk is directed to forward copies of this order to the movant, all counsel of record, and the magistrate judge.

DATED: June 27, 2006

_____
John T. Copenhaver, Jr.
United States District Judge

4